**EXHIBIT B**

1  Stephan A. Mills, Esq., Bar No. 94166
   ZEMANEK & MILLS
2  A Professional Corporation
   11845 W. Olympic Boulevard, Suite 625
3  Los Angeles, California 90064-5020
   PH: 310/473-8100   FAX: 310/445-3166
4
   James D. Turner, Esq., Bar No. 72979
5  Anderholt & Turner LLP
   74-770 Highway 111, Suite 201
6  Indian Wells, CA 92210
   PH: 760/674-0998 FAX: 760/674-0925
7

8  Attorneys for Plaintiffs
   Jason Rubin and Cira Ross,
9  as Co-Trustees of the Cira
   Ross Qualified Domestic
10 Trust

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                        COUNTY OF RIVERSIDE

13

14
   JASON RUBIN and CIRA ROSS,      )  CASE NO.: INC 031863
15 Co-Trustees of the Cira         )
   Ross Qualified Domestic         )  ORDER IMPOSING TERMINATING
16 Trust,                          )  DISCOVERY SANCTIONS ON
                                   )  DEFENDANTS DAVID ROSS AND ROSS,
17              Plaintiffs,        )  ROSE & HAMMILL, LLP
                                   )
18    vs.                          )
                                   )  Date of Hearing:    11/1/06
19 DAVID ROSS, et al.              )  Time of Hearing:    8:30 a.m.
                                   )  Department:         2J
20              Defendants.        )
                                   )  Honorable Lawrence W. Fry
21 _____     )
                                      (Former)Trial Date: 11/13/06
22                                    Complaint filed: 10/17/02

23
           Plaintiffs' Motion For Order Imposing Terminating And
24
   Monetary Discovery Sanctions Against Defendants David Ross and
25
   Ross, Rose & Hammill and Their Attorney of Record, Robert
26
   Gentino, Esq., Jointly and Severally, in the Sum of $10,360; or
27
   in the Alternative, for an Order Imposing Issue or Evidence
28

                  ORDER IMPOSING TERMINATING DISCOVERY SANCTIONS
                                       1

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 12 2007

V. Rivera

54

1  Sanctions, an Order Compelling Defendants to Comply with Court

2  Order Dated July 12, 2006 and to Provide Further Responses To

3  Plaintiffs' Requests for Admission (Set No. 2), Form

4  Interrogatories (Set No. 2) and Special Interrogatories (Set No.

5  1) and an Order Imposing Monetary Discovery Sanctions Against

6  Said Defendants and Their Attorney of Record, Robert Gentino,

7  Esq. in the Sum Of $10,360 ("Plaintiffs' Second Sanctions

8  Motion") came on regularly for hearing at 8:30 a.m., in Dept. 2J

9  of the above-entitled Court, on November 1, 2006, the Honorable

10 Lawrence W. Fry presiding.  Plaintiffs appeared at said hearing

11 through Stephan A. Mills, Esq., and Defendants appeared thereat

12 through Robert Gentino, Esq.

13     The hearing on Plaintiffs' Second Sanctions Motion had

14 previously been continued, on the Court's own motion, from

15 September 26, 2006 to October 3, 2006.  On October 3, 2006, the

16 Court continued the hearing to November 1, 2006 in order to

17 provide Defendants with an opportunity to file a written

18 opposition to Plaintiffs' Second Sanctions Motion.  After said

19 continuance, and prior to the November 1, 2006 hearing,

20 Defendants filed an "Opposition to Motion for Terminating, Issue,

21 Evidence, Monetary Sanctions and to Comply with Court Order and

22 Provide Further Respones [sic] to Requests for Admission, Form

23 Interrogatories, and Special Interrogatories; Declaration of

24 Robert Gentino," as well as a "Separate Statement Supporting

25 Opposition to Motion for Terminating, Issue, Evidence, Monetary

26 Sanctions and to Comply with Court Order and Provide Further

27 Respones [sic] to Requests for Admission, Form Interrogatories,

28 and Special Interrogatories; Declaration of Robert Gentino."

ORDER IMPOSING TERMINATING DISCOVERY SANCTIONS

2

On proof being made to the satisfaction of the Court, the Court makes the following Findings:

1. In May 2003, Plaintiffs served written discovery requests on Defendants, which included two sets of Requests for Admission (Set No. 1) and two sets of Form Interrogatories (Set No. 1).

2. Discovery was stayed by Defendants' filing (on June 16, 2003) of a motion to strike, under Code of Civil Procedure Section 425.16 (the anti-SLAPP statute), and throughout the pendency of Defendants' unsuccessful appeal of this Court's denial of their anti-SLAPP motion.

3. After the attendant stay lifted upon the filing of the Appellate Court's Remittitur, on March 22, 2005, Defendants served a series of objections and supplemental responses to Plaintiffs' Form Interrogatories (Set No. 1) and Requests for Admission (Set No. 1). Plaintiffs brought the following two motions seeking orders compelling Defendants to provide further discovery responses (as well as for monetary discovery sanctions): (1) Motion of Plaintiffs to Compel Further Responses to Form Interrogatories from Defendants David Ross and Ross, Rose & Hammill; Motion to Impose Discovery Sanctions on Both of the Aforesaid Defendants and Their Counsel of Record Herein, Robert Gentino, Jointly and Severally, in the Sum of $2,842; and (2) Motion of Plaintiffs to Compel Further Responses to Requests for Admission from Defendant David Ross; Motion to Impose Discovery Sanctions on the Aforesaid Defendant and His Counsel of Record Herein, Robert Gentino, Jointly and Severally, in the Sum of $3,094 (collectively, the "Motions to Compel").

ORDER IMPOSING TERMINATING DISCOVERY SANCTIONS
3

56

1    4.   A hearing took place on Plaintiffs' Motions to Compel on
2   August 12, 2005 but, in view of a representation by Defendants'
3   counsel of record, Robert Gentino, Esq., that he had filed
4   certain opposition papers that the Court had not received, the
5   Court stated that it would continue the hearing to a date prior
6   to the then pending September 6, 2005 trial date.  However, due
7   to the state of discovery and the proximity of trial, Plaintiffs
8   requested that the trial be continued.  Trial was continued to
9   November 13, 2006.  The hearing on Plaintiffs' Motions to Compel
10  was continued to October 18, 2005.

11   5.   After a hearing on October 18, 2005, the Court granted
12  both of Plaintiffs' Motions to Compel, and imposed $1,932 in
13  monetary sanctions against Defendants and their counsel of
14  record, Robert Gentino, Esq. (the "October 18, 2005 Order").  At
15  the October 18, 2005 hearing, the court delivered the following
16  warning to Defendants:

17       "Let me make myself clear in this ruling, and that is
18       that the defendant will answer these requests for
19       further - answer these requests for admissions and
20       interrogatories in a detailed good faith manner.  If
21       defendant does not do that, then I will be - I will be
22       seriously considering evidence sanctions and maybe even
23       terminating sanctions.  I will not tolerate this kind
24       of gamesmanship.  And I think that the semantics game
25       here and the going back and forth is ridiculous."

26  (The foregoing excerpt is derived from Reporter's Transcript
27  of Oral Proceedings on October 18, 2005 with respect to
28  Plaintiffs' Motions to Compel.)

ORDER IMPOSING TERMINATING DISCOVERY SANCTIONS
4

1  Defendants and their counsel of record, Robert Gentino, Esq.
2  - who subsequently characterized the October 18, 2005 Order as
3  "silly" - refused to pay any part of the monetary sanctions
4  imposed by said order.

5  6.  Defendants thereafter served supplemental discovery
6  responses to Plaintiffs' Form Interrogatories (Set No. 1) and
7  Requests for Admission (Set No. 1) that did not constitute the
8  detailed, good faith responses required by the October 18, 2005
9  Order.  As a result, Plaintiffs filed a "Motion for Order
10  Imposing Terminating and Monetary Discovery Sanctions Against
11  Defendants David Ross and Ross, Rose & Hammill and Their Attorney
12  of Record, Robert Gentino, Esq., Jointly and Severally, in the
13  Sum of $10,724; or in the Alternative, for an Order Imposing
14  Issue or Evidence Sanctions, an Order Compelling Defendants'
15  Compliance with Prior Discovery Order Re Said Defendants' Further
16  Supplemental Responses to Plaintiffs' Form Interrogatories and
17  Requests for Admission and for an Order Imposing Monetary
18  Discovery Sanctions Against Said Defendants and Their Attorney of
19  Record, Robert Gentino, Esq., in the Sum of $10,724 [said motion
20  will be referred to herein as 'Plaintiffs' First Sanctions
21  Motion']."

22  7.  The Court granted Plaintiffs' First Sanctions Motion on
23  March 10, 2006 and, as reflected in the Ruling attached to the
24  Court's Minute Order of that date (collectively, the "March 10,
25  2006 Order"), the Court imposed evidentiary discovery sanctions
26  which deemed certain of Plaintiffs' Requests for Admissions (Set
27  No. 1) to be admitted.  The March 10, 2006 Order also stated
28  that, "[i]n addition, whether the Court granted an evidentiary

**ORDER IMPOSING TERMINATING DISCOVERY SANCTIONS**

5

58

1  sanction or not, the Court finds that Defendants' responses were

2  evasive, unintelligible and meant to confuse."

3      8.  The March 10, 2006 Order imposed monetary discovery

4  sanctions on Defendants, and their counsel of record, Robert

5  Gentino, Esq., in the sum of $9,724.  However, neither Defendants

6  nor their counsel of record paid any portion of such sanctions.

7  On May 11, 2006, Defendants initiated an appeal of the March 10,

8  2006 Order, which the Court of Appeal, Fourth District, Division

9  Two, dismissed on October 25, 2006.

10      9.  At the March 10, 2006 hearing on Plaintiffs' First

11  Sanctions Motion, the Court discussed at length the many defects

12  found in Defendants' supplemental discovery responses and made,

13  inter alia, the following observations and warnings:

14          (a) "You've been playing games.  I warned you

15          [Defendants] about it last time [at the October 18,

16          2005 hearing] not to play games.  This time you did.

17          It appears you even think that you don't have to pay

18          the sanctions;"

19          (b) "And furthermore, Mr. Gentino, I would, for the

20          record, say that obviously this is not your first time

21          on these issues.  You have continually stonewalled with

22          these very vague responses that are absolutely not

23          useful to anyone in this case, and we're going to get

24          useful responses from you;"

25          (c) "I know why you [Plaintiffs] want a terminating

26          sanction.  I think, counsel, that's next.  I mean, if

27          this continues to - this case, probably I've sanctioned

28          them monetarily.  That doesn't work.  They don't even

ORDER IMPOSING TERMINATING DISCOVERY SANCTIONS
6

59

1   pay it.  As you say, they told you that that's silly.

2   So that that shows the first amount of contempt

3   for the Court.

4   Then when I warn them and tell them you must

5   answer these in good faith, then you get these kind of

6   responses.  I'm going to give you evidence sanctions on

7   these where I think it's appropriate.  I will make

8   comments to the jury for you on the ones I've said I

9   will make comments on.

10   And if you – next time, you might be just

11   terminating.  But we'll see what happens."

12   (The foregoing excerpts are derived from Reporter's

13   Transcript of Oral Proceedings on March 10, 2006 with respect to

14   Plaintiffs' First Sanctions Motion.)

15   10.  On May 11, 2006, Plaintiffs propounded to Defendants a

16   follow-up set of written discovery requests, consisting of

17   Requests for Admission (Set No. 2), Form Interrogatories (Set No.

18   2) and two sets of Special Interrogatories (Set No. 1).  Said

19   discovery requests sought clarification of the responses that the

20   March 10, 2006 Order had described as "evasive, unintelligible

21   and meant to confuse."  Defendants belatedly provided partial

22   responses to the foregoing discovery requests (see the Finding in

23   the following paragraph) that contained many of the same types of

24   derelictions that the Court discussed at length at the March 10,

25   2006 hearing on Plaintiffs' First Sanctions Motion.

26   11.  Moreover, Defendants served no response to Plaintiffs'

27   Form Interrogatory No. 15.1 (Set No. 2) until September 29, 2006,

28   which was after the date originally set for the hearing on

ORDER IMPOSING TERMINATING DISCOVERY SANCTIONS

7

60

1  Plaintiffs' Second Sanctions Motion.  Defendants never served any
2  responses to the Special Interrogatories (Set No. 1) that
3  Plaintiffs propounded to Defendant David Ross, nor, as reflected
4  in the Separate Statement filed in support of Plaintiffs' Second
5  Sanctions Motion, did Defendants provide any responses to Form
6  Interrogatory No. 17.1 (Set No. 2) with respect to Request for
7  Admission Nos. 133, 134, 135 and 137 (Set No. 2).
8      12.  In June 2005 and thereafter, Plaintiffs attempted to
9  obtain Defendant David Ross's deposition.  To that end,
10  Plaintiffs filed a motion for an order appointing the Honorable
11  John Zebrowski, Retired, as Discovery Referee in the instant
12  action (for purposes of presiding at the depositions of Defendant
13  David Ross and of Plaintiff Jason Rubin).  The Court granted said
14  motion on May 16, 2006, and, on July 12, 2006, the Court signed a
15  formal order appointing Judge Zebrowski as the Discovery Referee
16  (the "July 12, 2006 Order").  The July 12, 2006 Order provided,
17  among other things, that "Plaintiffs and Defendants will pay one-
18  half of the Discovery Referee's hourly fees (at the rate of $500
19  per hour) [as well as one-half of certain administrative
20  charges]."
21      13.  Defendants, however, told the Discovery Referee that
22  they considered the July 12, 2006 Order to be invalid, that
23  Defendants had filed objections thereto, and that Defendants
24  would not comply with said order by paying one-half of the
25  Discovery Referee's fees.  As a result, Defendants prevented
26  depositions from proceeding before the duly appointed Discovery
27  Referee.  By acting as noted above, Defendants violated the July
28  12, 2006 Order.

ORDER IMPOSING TERMINATING DISCOVERY SANCTIONS
8

61

14.    Plaintiffs brought their Second Sanctions Motion, which the Court granted by way of a Minute Order, and attached Ruling, dated November 1, 2006, which will be referred to herein collectively as the "Terminating Sanctions Ruling."  The Terminating Sanctions Ruling characterized Defendants' responses to Plaintiffs' Requests for Admission (Set No. 2), Form Interrogatories (Set No. 2) and Special Interrogatories (Set No. 1) (as well as Defendants' responses to Plaintiffs' prior discovery requests), as follows:

> "Defendants continue to respond to discovery with evasive, highly technical and misleading responses.  In fact, the Court finds certain responses are knowingly false.  Defendants have been sanctioned and warned about this and other obstructive and tardy discovery responses."

15.    The Terminating Sanctions Ruling also stated, among other things, the Court's disagreement with Defendants' contention that they did not violate any court orders, as well as the following:

> "Here with a trial date of November 13, 2006, Defendants have made discovery unavailable by continuing to frustrate and obstruct the process.  The Court finds Defendants' actions are disrespectful of the justice system and must be sanctioned."

16.    The Findings stated above summarize some of the ways in which Defendants have frustrated and obstructed the discovery process, and are not by any means intended to be an exhaustive recitation thereof.

<u>ORDER IMPOSING TERMINATING DISCOVERY SANCTIONS</u>

9

1    On proof being made to the satisfaction of the Court that

2    the imposition of terminating discovery sanctions against

3    Defendants is warranted,

4    **IT IS HEREBY ORDERED** that, in view of the granting of

5    Plaintiffs' Second Sanctions Motion, the following terminating

6    discovery sanctions are hereby imposed, pursuant to Code of Civil

7    Procedure Section 2023.030(d), against Defendants David Ross and

8    Ross, Rose & Hammill, LLP:

9        (1) the responsive pleading filed by Defendants David

10    Ross and Ross, Rose & Hammill, LLP with respect to Plaintiffs'

11    Second Amended Complaint for Fraud, Breach of Contract,

12    Contractual Indemnity, Implied Indemnity, Declaratory Relief,

13    [and] Abuse of Process in the above-entitled action, which

14    responsive pleading of Defendants consists of a document entitled

15    "Answer to Plaintiff's Second Amended Complaint," is hereby

16    stricken in its entirety, and Defendants David Ross and Ross,

17    Rose & Hammill, LLP are barred from filing any further responsive

18    pleadings in the above-entitled action; and

19        (2) defaults are hereby entered in the above-entitled

20    action against Defendants David Ross and Ross, Rose & Hammill,

21    LLP, and in favor of Plaintiffs Jason Rubin and Cira Ross, as Co-

22    Trustees of the Cira Ross Qualified Domestic Trust.

23    January 12, 2007

24    Dated: ~~November__, 2006~~

25

26                                    **Lawrence W. Fry**

27                                    _____
                                      The Honorable Lawrence W. Fry

28

**ORDER IMPOSING TERMINATING DISCOVERY SANCTIONS**

10

63

64

**EXHIBIT C**

1  Stephan A. Mills, Esq., Bar No. 94166
   ZEMANEK & MILLS
2  A Professional Corporation
   11845 W. Olympic Boulevard, Suite 625
3  Los Angeles, California  90064-5020
   PH: 310/473-8100  FAX:  310/445-3166
4
   James D. Turner, Esq., Bar No. 72979
5  Anderholt & Turner LLP
   74-770 Highway 111, Suite 201
6  Indian Wells, CA 92210
   PH: 760/674-0998 FAX: 760/674-0925
7

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

**OCT 09 2008**

Z. Perez

8  Attorneys for Plaintiffs
   Jason Rubin and Cira Ross,
9  as Co-Trustees of the Cira
   Ross Qualified Domestic
10 Trust

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                       COUNTY OF RIVERSIDE

13 JASON RUBIN and CIRA ROSS,      ) CASE NO.: INC 031863
   Co-Trustees of the Cira Ross    )
14 Qualified Domestic Trust,       ) **SECOND AUGMENTED AMENDED**
                                   ) **JUDGMENT AGAINST BOTH**
15            Plaintiff,           ) **DEFENDANTS**
                                   )
16      vs.                        )
                                   )
17 David Ross, Ross, Rose &        ) Date:   October 9, 2008
   Hammill, LLP, et al.,           ) Time:   8:30 a.m.
18                                 ) Place:  Dept. "2J"
             Defendants.           )
19 _____) Assigned to the Honorable Randall
20                                   White

21      This cause came on regularly for hearing in the above-

22 entitled action on October 9, 2008 in Dept. 2J (Indio Branch) of

23 the above-entitled court.

24      A.  A default had previously been entered against defendants

25 David Ross and Ross, Rose & Hammill, LLP by virtue of an order

26 imposing terminating sanctions, which order was entered by this

27 court on January 12, 2007.

28      B.  On February 22, 2007, this court ordered, adjudged and

SECOND AUGMENTED AMENDED JUDGMENT
1

65

1 decreed that each of the allegations of the Plaintiffs' Second

2 Amended Complaint in the above-entitled action is deemed to be

3 true, and defendants David Ross and Ross, Rose & Hammill, LLP,

4 and each of them, are deemed to have admitted each of them;

5      C.  On February 22, 2007, this court ordered, adjudged and

6 decreed that Defendants David Ross and Ross, Rose & Hammill, LLP,

7 and each of them, shall pay to Plaintiffs, Jason Rubin and Cira

8 Ross, as Co-Trustees of the Cira Ross Qualified Domestic Trust,

9 the sum of $1,439,178.00 (One Million Four Hundred Thirty-Nine

10 Thousand One Hundred Seventy-Eight Dollars);

11      D.  On July 18, 2007, this court ordered, adjudged and

12 decreed, pursuant to an Amended Judgment Against Both Defendants

13 entered on said date, that, in addition to the $1,439,178.00 sum

14 specified in the preceding paragraph, defendants David Ross and

15 Ross, Rose & Hammill, LLP, and each of them, shall pay to

16 Plaintiffs Jason Rubin and Cira Ross, as Co-Trustees of the Cira

17 Ross Qualified Domestic Trust, as said Plaintiffs' costs of suit

18 (including, but not limited to, attorney's fees), the sum of

19 $304,957.04 (Three Hundred Four Thousand Nine Hundred Fifty-Seven

20 Dollars and Four Cents);

21      E.  Defendant Ross, Rose & Hammill, LLP failed to appear for

22 a duly noticed judgment debtor examination on June 5, 2007

23 without good cause.  Accordingly, on June 5, 2007, pursuant to

24 Code of Civil Procedure Section 708.170(a)(2), this court

25 ordered, adjudged and decreed that the principal amount of the

26 instant judgment was increased, with respect to defendant Ross,

27 Rose & Hammill, LLP (but not with respect to defendant David

28 Ross), by the sum of $2,400.00 (Two Thousand Four Hundred Dollars

66

1   and No Cents).

2        F.   On March 11, 2008, pursuant to the Court of Appeal's

3   denial of defendants' second appeal (E040545) regarding monetary

4   and evidentiary discovery sanctions, the court awarded costs

5   (including, but not limited to, attorney's fees) to Plaintiffs in

6   the sum of $16,073.27 and augmented the Amended Judgment to

7   include said sum (the resulting judgment will be referred to

8   herein as the "Augmented Amended Judgment").   The Augmented

9   Amended Judgment amounts to $1,760,208.31 with respect to

10  defendant David Ross and amounts to $1,746,535.04 with respect to

11  defendant Ross, Rose & Hammill, LLP, excluding accrued interest

12  at the legal rate.

13       G.   On October 9, 2008, pursuant to the Court of Appeal's

14  denial of defendants' third appeal (E043086), the court awarded

15  attorney's fees to Plaintiffs in the sum of $39,780.00

16  and ruled that the Augmented Revised Judgment shall be augmented,

17  with respect to defendant David Ross, to include said sum and the

18  costs claimed by Plaintiffs pursuant to a Memorandum of Costs

19  filed on August 7, 2008 (in the sum of $2,565.22).

20       **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that:

21       1.   In addition to the $1,439,178.00 sum specified above in

22  Paragraph C, in addition to the $304,957.04 sum specified above

23  in Paragraph D, and in addition to the $16,073.27 sum specified

24  above in Paragraph F, defendant David Ross shall pay to

25  Plaintiffs Jason Rubin and Cira Ross, as Co-Trustees of the Cira

26  Ross Qualified Domestic Trust, as said Plaintiffs' costs

27  (including, but not limited to, attorney's fees) with respect to

28  the appeal defendants initiated in the Fourth Appellate District,

67

1   Division Two (No. E043086), the sum of $42,345.22 (Forty-Two

2   Thousand Three Hundred Forty-Five Dollars and Twenty-Two Cents).

3

4   Dated: October 9, 2008

5                                       The Honorable Randall White
                                        Judge of the Superior Court
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

68

69

EXHIBIT D

## DECLARATION OF DAVID TILEM

I, David Tilem, declare:

1. I am an attorney at law duly licensed to practice in all courts of the State of California and in the Central District of the Federal District Courts. I make this declaration in support of the opposition by creditor Jason Rubin, as Co-trustee ("Rubin"), to the Motion filed by debtor David Leonard Ross ("Debtor") for an Order Dismissing the Complaint for Failure to State a Claim upon which Relief Can Be Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6)" ("Motion"). Each fact stated herein is within my personal knowledge and I could competently testify as to each.

2. In April, 2009 (about 7 months ago), I contacted Debtor's counsel, Scott Clarkson, to advise him that Rubin would be filing a Motion under Fed. Bcy. R. 2004 to examine the Debtor and request the production of certain documents.

3. Mr. Clarkson asked me for an advance copy of the document list so that he could identify, and we could resolve any potential objections. I sent a copy of the list even before the Rule 2004 motion was filed.

4. Mr. Clarkson and I exchanged a series of emails on May 5, 2009. Mr. Clarkson took the position that, because I had appended and served the document list with the Rule 2004 motion, he had assumed that I did not want to discuss it. I confirmed our discussions to the contrary, and reiterated my request that Mr. Clarkson specify any objections.

5. In a follow-up call which I initiated on May 5, 2009, Mr. Clarkson declined to give any specifics. Instead, he threatened to file a protective order motion. As confirmed in one

1  of my May 5, 2009 emails, I asked Mr. Clarkson to send me a draft
2  of the motion and I reiterated my request that he identify all of
3  his concerns with the document request.  True and correct copies of
4  all of the emails which I exchanged with Debtor's counsel on or
5  about May 5, 2009 are attached hereto collectively as Exhibit A.

6      6.  Instead of sending me a draft motion, Mr. Clarkson sent me
7  yet another May 5, 2009 email (included in Exhibit "A") that
8  questioned the relevance of only one category of Movant's document
9  request:  the one asking for Debtor's visa and passport.  I
10 responded by asking whether that was Mr. Clarkson's only concern.
11 Mr. Clarkson never responded.

12     7.  Mr. Clarkson's next act was to file and serve, on May 25,
13 2009 a 22 pages (without exhibits) motion for a protective order
14 (the "Initial Protective Order Motion").

15     8.  I pointed out that this motion was filed without having
16 complied with applicable Local Rules.  Mr. Clarkson initially
17 denied the existence of a meet and confer requirement but asked
18 whether I was willing to meet and confer.  He also suggested that I
19 use the filed motion as his "request to meet and confer on the
20 document production and 2004 exam."  A meet and confer was
21 ultimately arranged through an exchange of emails.  True and
22 correct copies of the aforesaid emails, dated May 26, 2009, are
23 attached hereto collectively as Exhibit B.

24     9.  In an email dated June 2, 2009, I asked that the Initial
25 Protective Order Motion be withdrawn.  A true and correct copy of
26 my June 2, 2009 email is attached hereto as Exhibit C.  Mr.
27 Clarkson did ultimately agree to withdraw the motion in an email
28 also dated June 2, 2009 (a true and correct copy of this email is

71

1  attached as a part of Exhibit C).

2      10.  Counsel exchanged emails, dated from June 2, 2009 through
3  June 5, 2009, through which an initial meet and confer was set up
4  for June 8, 2009.  True and correct copies of the aforesaid emails
5  are attached hereto collectively as Exhibit D.

6      11.  On or about June 5, 2009 I sent Debtor's counsel a fairly
7  lengthy email designed to focus our meet and confer regarding the
8  Initial Protective Order Motion.  True and correct copies of this
9  email and the response thanking me for the comments, are attached
10  hereto collectively as Exhibit E.

11      12.  The initial (and only) session of the meet and confer
12  took place by telephone on June 8, 2009.  Mr. Clarkson and I spoke
13  for about an hour.  Mr. Clarkson advanced a number of what I
14  believed to be less than serious objections and we made little or
15  no progress.  We agreed to reconvene later that day.

16      13.  I sent Mr. Clarkson an email later that day asking him to
17  call me when he finished his 2:30 p.m. meeting so that we could
18  resume our meet and confer discussion.  When I did not hear back, I
19  sent another email dated June 8, 2009 confirming our progress (or
20  lack thereof) and setting out our respective positions.  All of the
21  June 8, 2009 emails are attached as Exhibit F.

22      14.  The following day Mr. Clarkson sent me an email advising
23  that Debtor had sent a list of documents for Mr. Clarkson's review
24  before it would be released to me.  A true and correct copy of Mr.
25  Clarkson's June 9, 2009 email is attached hereto as Exhibit G.
26  That list has never been provided.

27      15.  Mr. Clarkson never got back to me about resuming the meet
28  and confer.  On June 16, 2009 I sent an email to Mr. Clarkson

72

OPPOSITION TO MOTION TO
DISMISS ADVERSARY COMPLAINT

1  inviting him to resume the meet and confer.  I received no
2  response.  A true and correct copy of my June 16, 2009 email is
3  attached hereto as Exhibit H.

4      16.  I renewed my request by email on or about July 9, 2009
5  and again on July 10.  True and correct copies of these emails are
6  attached as Exhibits I and J.

7      17.  Mr. Clarkson replied by email on July 10, 2009 contending
8  that a meet and confer was moot since the examination and
9  production dates in the pending Rule 2004 motion had passed.  Mr.
10  Clarkson suggested that Rubin file a new Rule 2004 motion.  A true
11  and correct copy of this email is attached hereto as Exhibit K.

12      18.  On or about July 13, 2009 I sent an email to Mr. Clarkson
13  stating that I would file a new Rule 2004 motion and requesting new
14  examination and production dates as required by Local Rules.  A
15  true and correct copy of this email is attached hereto as Exhibit
16  L.  I never received a response.

17      19.  On or about July 17, 2009, the Court denied Rubin's
18  initial Rule 2004 motion without prejudice.  The motion was renewed
19  on or about July 20, 2009 and granted in an Order entered August
20  25, 2009 (the "Rule 2004 Order").

21      20.  The Court extended the deadline for Rubin to file a
22  complaint challenging Debtor's right to discharge and the
23  dischargeability of certain obligations, but only until August 31,
24  2009.  Facing that deadline, Rubin filed such a complaint.

25      21.  After the complaint was filed, Mr. Clarkson expressed
26  concern that Rubin would want to both depose the Debtor (in the
27  newly filed adversary action) and examine the Debtor under Rule
28  2004.  Despite my offer to combine the two so that there could be

73

1 | no issue about scope of the examination and without complying with

2 | applicable Local Rules, Debtor moved for an Order vacating the Rule

3 | 2004 Order.  That motion was ultimately granted by the Court.

4 |     I declare under penalty of perjury under the laws of the State

5 | of California that the foregoing is true and correct and that this

6 | Declaration was signed by me on November 3, 2009 at Glendale,

7 | California.

8

9

10 | David A. Tilem

OPPOSITION TO MOTION TO
DISMISS ADVERSARY COMPLAINT