Scott C. Clarkson, Esq. (SBN. 143271)
Eve A. Marsella, Esq. (SBN. 165797)
Christine M. Fitzgerald, Esq. (SBN. 259014)
Clarkson, Gore & Marsella, APLC
3424 Carson Street, Suite 350
Torrance, California 90503
Telephone: 310/542-0111
Facsimile: 310/214-7254

Attorneys for Debtor and Defendant David Leonard Ross

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>DAVID LEONARD ROSS,<br><br>    Debtor.<br><br>JASON RUBIN, AS CO-TRUSTEE OF THE CIRA ROSS QUALIFIED DOMESTIC TRUST<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID LEONARD ROSS,<br><br>    Defendant. | Case No. 2:09-bk-10720-PC<br><br>Chapter 7<br><br>Adv. No. 2:09-ap-02063-PC<br><br>DEFENDANT'S OPPOSITION TO MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 54(b); OR, ALTERNATIVELY, MOTION TO REVISE INTERLOCUTORY ORDER AND GRANTING LEAVE TO AMEND PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>DATE:    October 12, 2010<br>TIME:    9:30 a.m.<br>PLACE:    Courtroom 1575 |

      The Motion filed by Plaintiff Jason Rubin, As Co-Trustee of the Cira Ross Qulaified Domestic Trust ("Rubin" or "Plaintiff") for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure Rule 54(b); or, Alternatively, Motion to Revise Interlocutory Order and Granting Leave to Amend Plaintiff's First Amended Complaint, is a cynical attempt to forum shop by taking advantage of the retirement of a United States Bankruptcy Judge, and asking the new Judge

to reconsider the decisions of his predecessor, over eight months later, in an untimely and prejudicial manner. It is nothing more than a faux-appeal at this stage of the game.[1]

### I. The History of the Case.

Almost two years ago, on January 13, 2009, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor's 341(a) Meeting of Creditors was held on February 10, 2009. The Plaintiff or his representative did not appear. Shortly thereafter, the Chapter 7 Trustee, James L. Brown ("Trustee"), concluded the Debtor's 341(a) Meeting of Creditors on February 10, 2009 and issued a no asset report on February 13, 2009.

The deadline to file a complaint objecting to discharge of the Debtor or to Determine Non-Dischargeability of Certain Debts was April 13, 2009. No complaint alleging non-dischargeability was filed by that time. On March 23, 2009, Rubin, a family member of the Debtor who is involved in a heated [almost 8 years long] state court litigation with the Debtor regarding the estate of the Debtor's Uncle filed a Motion requesting that the deadline for filing objections to the Debtor's discharge be extended 90 days to July 13, 2009. That motion was granted on May 22, 2009.

Although receiving a 90 day extension (which then gave Rubin 180 days to prepare a complaint), on July 9, 2009, <u>another Motion to Extend the time was filed</u> by Rubin, requesting another 90 days. That hearing was held on August 25, 2009, and the Court permitted Rubin to file his proposed Complaint through August 31, 2009.

On the last day to file a non-dischargeability complaint (which was approximately five months after the original deadline and [three] months after the first extension allowed), the

---

[1] Prior to the filing of this Opposition, the Movant was told by Defendant's counsel that he would consent to the requested interlocutory appeal. Such response was apparently not expected and the Plaintiff has apparently changed his mind, turning down the offer of the Defendant to permit the interlocutory appeal – but not to the point of withdrawing or amending his Motion. In fact, the Plaintiff here only wants the Court to re-consider Judge Bufford's decision to not permit a third attempt to file more causes of action. However, the provision in Rule 54 allowing "revision" of an order is to permit a uniform final order or judgment to be created, so that the single-judgment rule is not violated, is not available for the purpose sought by the Plaintiff, as explained in this Opposition.

OPPOSITION TO RULE 54 MOTION

Plaintiff's two set of attorneys filed a complaint on August 31, 2009, which was thereafter subject to Defendant's first Motion to Dismiss, filed on October 14, 2009. The Defendant's first Motion to Dismiss was rendered moot when, on November 13, 2009, Rubin filed his First Amended Complaint ("FAC") in light of a posted tentative decision in the Defendant's favor. The newly filed FAC, containing eight causes of action, was addressed by the Defendant's **second Motion to Dismiss** which was heard on December 22, 2009. At that time, the Court struck all of the FAC's causes of causes except the Third and part of the Sixth, without further leave to amend. The Order granting the Motion to Dismiss was entered on December 30, 2009. **The Plaintiff did not seek re-consideration of the order or request that the Order be certified for appeal.**

On January 13, 2010, the Plaintiff filed a late unilateral joint status report [Docket No. 22] (the Defendant filed a timely unilateral status report [Docket No. 19] when Plaintiff failed to cooperate in creating a Joint Report), which did not indicate that the Plaintiff was planning on seeking a Rule 54 certification for appeal or move to reconsider the Court's December 22, 2009 Order dismissing without leave to amend causes of action 1, 2, 4, 5, 7, and 8.

Instead, the Plaintiff waited another seven months and did nothing until approximately 60 days before the discovery deadline to even conduct discovery solely in the form of one set of interrogatories and a single deposition of the Defendant. That discovery is complete.

The Pre-Trial Conference was scheduled for October 5, 2010, and on several occasions, Defendant's counsel affirmatively sought to implement the meet and confer requirements of Local Bankruptcy Rules in order to fashion the Pre-Trial Order. Plaintiff's counsel completely ignored Defendant's request to jointly prepare the Pre-Trial Order. Instead, the Plaintiff (1) waited for Judge Bufford to retire in August, (2) awaited Judge Carroll's reassignment to the case, (3) hired his third set of counsel, Riverside attorneys Best, Best & Krieger, LLP, and (4) filed this present Motion.

///

///

///

## II. The Present Motion Is More A-Kin to A Very Tardy and Improper Motion for Reconsideration.

The Plaintiff's motion is filed almost eight months after the order for which reconsideration is sought was entered. The Discovery cut-off date has passed, and the pre-trial hearing was supposed to have been held this month.

The entire discussion regarding the use of Federal Rule of Civil Procedure 54(b) presented by the Plaintiff, or for reconsideration of Judge Bufford's rulings and orders is couched in the terms of asking Judge Carroll to reconsider Judge Bufford's decision of December 22, 2009, by a series of improper requests for Judicial Notice. (See Motion, page 3, lines 20 -28, page 4, lines 1 - 13.) Indeed, the present Motion asks (indeed requires) the Defendant to re-litigate before a second judge its successful Motion to Dismiss, granted in December, 2009. The eighth month wait until Judge Bufford retired to file such a motion for reconsideration or request to certify an order for appeal is a dubious and cynical attempt to forum shop al'a retirement. (No issues or facts have changed from December 22, 2009 until today, September 28, 2010, except that the Judge has changed.) It places the new sitting judge in a position of second guessing the thinking of his predecessor, and to review a very cold record. The extreme wait for such motion for reconsideration or certification of appeal is prejudicial to the Defendant and creates a remarkably improper **third** bite of the apple at the trial level.

## III. The Plaintiff/Faux Appellant Wishes to Re-litigate the Defendant's Second Motion to Dismiss.

Through the means of Rule 54(b), the Plaintiff has requested that the Court review and overturn Judge Bufford's decision of December 22, 2009. The relevant part of Rule 54(b) provides: "In the absence of such a determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Rule 54(b)*. However, the court's discretion under Rule 54(b) has been held by the 9th Circuit to be properly

exercised only within the confines of the law of the case doctrine. *W. Birkenfeld Trust v. Bailey*, 837 F. Supp. 1083, 1085 (E.D. Wash. 1993). "Under the law of the case doctrine a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case.'" *Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005)(quoting *Lower Elwha Band of S'Klallams v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000)). The "revision" provision for interlocutory orders in Rule 54 is designed to allow an interim order to be amended to add (or to harmonize) further results of later determinations made by the court, on future issues that are subsequently resolved. It is only in existence to avoid the problems of the single judgment rule, and is not designed to act as a stepping stone for an unattainable Motion for Reconsideration, which is precisely what the pending motion is actually requesting.

As previously described, on or around August 31, 2009, Plaintiff filed a Complaint, Adversary Proceeding No. 2:09-ap-02063-SB ("Complaint") against the Debtor objecting to the dischargeability of certain debts owed to the Plaintiff under §523 and the Debtor's discharge under §727. On or around October 14, 2009, Defendant filed a Motion to Dismiss for failure to state a claim. The Court's tentative ruling was to grant the significant majority of the Defendant's Motion to Dismiss. On or around November 13, 2009, Plaintiff filed the First Amended Complaint, and the Defendant filed its second Motion to Dismiss. The Court dismissed the Cause of Action 1, 2, 4, 5, part of 6, 7 and 8. It allowed the 3rd and part of the 6th to remain. The Plaintiff was not allowed a 3rd chance to amend his complaint. As the Plaintiff desires the Court to undertake a substantive review of the Defendant's Motion to Dismiss, it requires presentation here – but the Defendant should not have to do so.

I.

**JUDGE BUFFORD WAS CORRECT TO DISMISS THE IMPROPER AND TIME-BARRED CAUSES OF ACTION WITHOUT LEAVE TO AMEND – THE PLAINTIFF HAS BEEN PERMITTED TWO PREVIOUS CHANCES AND ALMOST A YEAR TO FILE A COMPETENT COMPLAINT.**

A. **Certain of the FAC causes of action were time barred.**

The FAC filed by the Plaintiff contained new claims for relief based on new allegations that were not previously set forth in the original complaint. As further set forth below, these new claims and allegations did not relate back to the original complaint because they did not arise from the same conduct, transaction or occurrence as set forth in the original complaint. Because the new claims and allegations did not relate back to the original complaint, the Plaintiff's claims based on these allegations are time barred under FRBP §§ 4004 and 4007.[2] Federal Rule of Civil Procedure 15(c) provides in pertinent part,

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:…(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out- in the original pleading;

*Fed. R. Civ. P. 15(c).*

FRCP 15(c) is made applicable to these proceedings through FRBP 7015. To determine whether the claims set forth in an amended complaint relate back to the original complaint the Ninth Circuit examines "whether the specified conduct of the defendant, upon which the plaintiff is relying to enforce his amended claim, is identifiable with the original claim". *FDIC v. Jackson*, 133 F.3d 694, 702 (9th Cir. 1998) (internal citations omitted). "A claim will relate back if: (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; . . . Such a link will be found when the claim to be added will likely be proved by the 'same kind of evidence offered in support of the original pleading." *Magno v. Rigsby (In re Magno)*, 216 B.R. 34, 39 (B.A.P. 9th Cir. 1997) (internal citations omitted). "The basic test is whether the evidence with respect to the second set of allegations could have been introduced under the original complaint, liberally construed; or as a corollary, that in terms of notice, one may fairly perceive some identification or relationship between what was pleaded in the original and amended complaints." *Magno v. Rigsby (In re Magno)*, 216 B.R. 34, 38-39 (B.A.P. 9th Cir. Cal. 1997).

---

[2] FRBP 4004 and 2007 set forth deadlines for filing a complaint to determine dischargeability of debts under §§727 and 523 respectively. The deadline to file a complaint was August 31, 2009, and Plaintiff filed its FAC on or around November 13, 2009.

### B. The Motion to Dismiss the FAC was Proper Where the Complaint Failed to State a Claim Upon Which Relief Could be Granted.

Even if the claims and allegations did relate back to the original complaint and were not time barred, Plaintiff's FAC failed to set forth a claim for which relief can be granted.

FRCP 12(b)(6) is made applicable to these proceedings through FRBP 7012. "[A] complaint may be dismissed for failure to state a claim based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Mason v. Sullivan*, 266 Fed. Appx. 609 (9th Cir. 2008). "A claim may be dismissed only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. Cal. 2001) (internal citations omitted). This type of motion may be brought where the failure to state a cause of action for which relief can be granted is ascertainable from the complaint itself, including any attached exhibits, without reference to any other documents. *See, Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1990). Also, the court must accept the allegations in the complaint as true when determining the sufficiency thereof. *See, NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

1. First Cause of Action under 11 U.S.C. §523(a)(2)(A)[3]

The FAC contained a claim for relief for denial of discharge of a debt fraudulently incurred by the Debtor under 11 U.S.C. §523(a)(2)(A). "Section 523(a)(2)(A)…provides that a debt for 'money, property, services, or an extension, or renewal, or refinancing of credit, to the extent obtained, by false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or insider's financial condition' is not dischargeable." *Cossu v. Jefferson Pilot Sec. Corp.*, 410 F.3d 591 (9th Cir. 2005). §523(a)(2)(A) requires that a creditor seeking to prove nondischargeability must establish:

> (1) Debtor made a misrepresentation of fact; (2) the Debtor knew at the time to be false; (3) that the debtor made with the intention of deceiving the creditor; (4) upon

---

[3] For the Court's convenience, Defendant addresses each "Cause of Action" in the substantially the same order set forth in the FAC, except for the "Eighth Cause of Action".

which the creditor relied; and (5) that was the proximate cause of damage to the creditor.

*Cossu v. Jefferson Pilot Sec. Corp.*, 410 F.3d 591 (9th Cir. 2005); *See, also, Harmon v. Korbin*, 250 F.3d 1240 (9th Cir. 2004); *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081 (9th Cir. 2000); *In re Britton*, 950 F.2d 602 (9th Cir. 1991).

FRCP 9(b) requires when alleging fraud "a party must state with particularity the circumstances constituting fraud…" *Fed. R. Civ. P. 9(b)*. "Rule 9(b) demands that the circumstances constituting the alleged fraud 'be 'specific enough to give defendants notice of the particular misconduct…so that they can defend against the charge and not just deny that they have done anything wrong.'' Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged. A party alleging fraud must 'set forth *more* than the neutral facts necessary to indentify the transaction." *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) and *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), *superceded by statute on other grounds*). "'While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient.' *Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir. 1989)." *Hudson v. Sherwood Sec. Corp.*, 1991 U.S. App. LEXIS 30612, 5-6 (9th Cir. Dec. 24, 1991). "Where fraud is not an essential element of a claim, only those allegations of a complaint which aver fraud are subject to Rule 9(b)'s heightened pleading standard." *Id.* (citing *Vess*, 317 F.3d at 1105).

The FAC alleged that the Defendant, by entering into the Written Settlement Agreement and Distribution Agreement, made representations and communicated them to the Plaintiff. Assuming the truth of the foregoing, these representations are protected by the litigation privilege under *Cal. Civ. Code* §47(b). §47(b) provides "A privileged publication or broadcast is one made: . . . [i]n any . . . judicial proceeding." *Id.* "The California Supreme Court has determined that the litigation privilege applies to 'any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.'" *Aryana v.*

Main Document    Page 9 of 20

*Roossien*, 312 Fed. Appx. 853 (9th Cir. 2009) (internal citations omitted). The privilege applies to any communication permitted by law during the course of a judicial proceeding, "even though the publication is made outside the courtroom and no function of the court or its officers is involved". *Id.* §47 is applicable to any communication, whether or not it amounts to a publication, and all torts except malicious prosecution. *Rusheen v. Cohen*, 37 Cal. 4th 1048 (Cal. 2006). The Supreme Court of California has held that the privilege extends to noncommunicative acts that are necessarily related to the communicative conduct. *See Id.*

Here, Defendant's alleged representation was made in a judicial proceeding, Ysaac Ross' probate action in Riverside Superior Court, Case No. INP 017504 (FAC page 2, paragraph 10; pages 4-6, paragraphs 18-23; and pages 9-11, paragraphs 41-43). Defendant was a participant in the judicial proceeding as a beneficiary of the probate estate and the representation communicated to the Plaintiff was authorized by law (FAC page 2, paragraph 10; pages 4-6, paragraphs 18-23; and pages 9-11, paragraphs 41-43). Defendant's alleged representation was in an effort and connection to help settle the probate action, which was the object of the litigation.

Here, Defendant's alleged representations meet all the requirements set forth by the Ninth Circuit to qualify for the litigation privilege and are therefore are protected under §47 by the litigation privilege. Because Defendant's alleged representations fall under the litigation privilege, Plaintiff may not use Defendant's alleged representations against him. Therefore, Plaintiff has failed to identify any alleged misrepresentation by the Defendant, and therefore has failed to set forth all the essential elements to state a claim under §523(a)(2)(A). Because Plaintiff failed to set forth all essential elements to state a claim under §523(a)(2)(A), Plaintiff's "First Cause of Action" fails to state a claim for which relief can be granted. Judge Bufford was correct to dismiss this cause of action.

2. <u>Elements for 11 U.S.C. §523(a)(6)</u>

The FAC contained three claims for relief under 11 U.S.C. §523(a)(6) for willful and malicious injury. "*Section 523(a)(6)*...provides that an individual debtor may not discharge a debt 'for willful *and* malicious injury by the debtor to another entity or to the property of another entity. The malicious injury requirement is separate from the willful injury requirement. *Carillo v.*

-9-

1  *Su (In re Su)*, 290 F.3d 1140, 1146-47 (9th Cir. 2002)" *Albarran v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 705 (9th Cir. 2008). Judge Bufford found that the Plaintiff's FAC failed to articulate any facts to support that the Defendant acted willfully or maliciously with respect to each of the three claims for relief.

"A 'willful' injury is a 'deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury.' *Kawaauhau v. Geiger*, 523 U.S. 57 (1998)." *Id.* The Supreme Court has held that injuries from recklessness are not sufficient to be considered willful injuries under §523(a)(6) and are therefore insufficient to warrant an exemption to dischargeability. *Id.* (citing *Kawaauhau v. Geiger*, 523 U.S. 57 (1998)). "A 'malicious' injury involves '(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.'" *In re Su*, 290 F.3d at 1146-47 (quoting *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202 (9th Cir. 2001). Reckless conduct or evil motive are insufficient to qualify as "willful and malicious" injury. *Muegler v. Bening*, 413 F.3d 980 (9th Cir. 2005).

In 1988, the Supreme Court confined the exception to dischargeability under §523(a)(6) to an "intentional tort". *Kawaauhau v. Geiger*, 523 U.S. 57 (1998). Generally, intentional torts require that the actor intend the consequences of an act, not simply the act itself. *See Restatement (Second) of Torts §8A cmt. a* (1964). "Conduct is not tortuous under § 523(a)(6) simply because injury is intended or 'substantially likely to occur,' but rather is only tortuous if it constitutes a tort under state law." *Lockerby v. Sierra*, 535 F.3d 1038 (9th Cir. 2008); *See, also, Petrailia v. Jercich (In re Jercich)*, 238 F.3d 1202 (9th Cir. 2001). "It is well settled that a simple breach of contract is not the type of injury addressed by § 523(a)(6)." *Jercich*, 238 F.3d 1202. "Expanding the scope of § 523(a)(6) to include contracts that are intentionally breached whenever it is substantially certain that injury will occur would severely circumscribe the ability of debtors to 'start fresh.'" *Lockerby*, 535 F.3d 1038.

    a.  Second Cause of Action under 11 U.S.C. §523(a)(6)

The first claim for relief under 11 U.S.C. §523(a)(6) for willful and malicious injury set forth in the FAC pertained to an alleged abuse of process. The Plaintiff failed to set forth any facts that demonstrate the Defendant willfully *and* maliciously injured Plaintiff or Plaintiff's property.

Main Document      Page 11 of 20

As set forth by Supreme Court, to deny a discharge under §523(a)(6), the Debtor must act with the intent as required by an intentional tort. The FAC failed to specify any intentional tort committed by the Defendant. It appeared that Plaintiff attempted to color a simple breach of contract (the probate case settlement) as an abuse of process by the Defendant; however Plaintiff did not meet even that standard.

> The tort of abuse of process has two elements: there must be wrongful use of process, not merely a request for or initiation of process--and second, the act complained of must involve the use of process. Merely obtaining or seeking process is not enough; there must be subsequent abuse, by a misuse of the judicial process for a purpose other than that which it was intended to serve. The gist of the tort is the improper use of the process after it is issued.

*Adams v. Superior Court*, 2 Cal. App. 4th 521, 531 (Cal. Ct. App. 1992) (internal citations omitted).

"The tort of abuse of process has two elements: there must be wrongful use of process, not merely a request for or initiation of process--and second, the act complained of must involve the use of process."[4] Process is action taken pursuant to judicial authority. It is not action taken without reference to the power of the court. Thus, serving upon plaintiff a false notice that a bench warrant had been issued is not process, because in making the false statement defendant took no action pursuant to court authority. *Carney v. Rotkin, Schmerin & McIntyre* (1988) 206 Cal.App.3d 1513, 1526 [254 Cal.Rptr. 478]. Merely obtaining or seeking process is not enough; there must be subsequent abuse, by a misuse of the judicial process for a purpose other than that which it was intended to serve.[5] The gist of the tort is the improper use of the process after it is issued." *Adams v. Superior Court*, 2 Cal. App. 4th 521, 531 (Cal. Ct. App. 1992) (internal citations omitted).

The FAC alleged that Defendant misused process by bringing claims and objections in the probate case because the Defendant had agreed in the probate settlement to be barred from

---

[4] *See generally Prosser & Keeton, Torts* (5th ed. 1984) Abuse of Process, § 121, pp. 897-898.)

[5] *Rest.2d Torts, Abuse of Process* (1981) § 682; *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss Karma, Inc.* (1986) 42 Cal.3d 1157, 1168 [232 Cal.Rptr. 567, 728 P.2d 1202]; *Spellens v. Spellens*, (1957) 49 Cal.2d 210, 231 [317 P.2d 613].

-11-

bringing further claims or objections. (FAC pages 15-16, paragraphs 56-58). The FAC further alleged that Defendant used the process "as a form of extortion or undue influence, for which the process was not intended." (FAC page 16, lines 4-5).

The FAC failed to set forth how Defendant filing a claim in the probate proceedings was an improper use of process. The California Probate Code defines a claim as "demand for payment for any of the following whether due, *not due...*" *Cal. Prob. Code § 9000(a) (emphasis added).* Even if Defendant filed the claims and objections with bad intentions and in breach of the Probate Case Settlement, the filing of a claim itself would not result in an improper use of the process. *See Kyne v. Eustice*, 215 Cal.App.2d 627 (Cal. App. 1st Dist. 1963) (No liability where Defendant has done nothing more than carry out the process, even with bad intentions).

Therefore, the Court found that the Plaintiff failed to set forth any facts that Defendant used the process of filing a claim for an improper purpose, which would constitute a willful and malicious act. The FAC failed to set forth all the essential elements for a claim of abuse of process, and therefore failed to set forth any tortious conduct by the Defendant that could be construed as willful or malicious. Accordingly the "Second Cause of Action" failed to state a claim for which relief can be granted on the second claim for relief, and Judge Bufford ruled appropriately.

        b.   Eighth Cause of Action under §523(a)(6)

The third 11 U.S.C. §523(a)(6) claim (the Eighth Cause of Action) was premised on Plaintiff's allegations that Defendant willfully and maliciously wrote threatening letters to Cira Ross. First, this is a new claim which is not set forth in the original complaint. The factual allegations this claim were not based on and facts set forth in the original complaint and id not relate back to the original complaint. There is nothing in the original complaint regarding the alleged "threatening" letters from the Defendant to Cira Ross. Because the claim and allegations did not relate back to what Plaintiff asserted in the original complaint the "Eighth Cause of Action" was time barred by FRBP 4004 and 4007, and Judge Bufford acted appropriately.

Plaintiff alleged that Defendant sent letters to Cira Ross and that he willfully and maliciously threatened her. Plaintiff further alleged that Defendant's threats constitute criminal

extortion. (FAC page 23, paragraphs 85 and 87). Plaintiff also alleged that as a result Defendant's "threats" Cira was induced to enter into the probate settlement, the distribution agreement, and the written settlement agreement. (FAC page 23, paragraph 86). Plaintiff did not to set forth any facts regarding the Defendant's letters to Cira Ross in the original complaint and there are no facts for this new claim and new factual allegations to relate back to in the original complaint. Therefore, this new claim for relief under §523(a)(6) based on Defendant's letters we time barred, and Judge Bufford acted appropriately.

Even if the new claim had related back to the original complaint, the FAC did not state a claim for which relief could be granted. The FAC stated that Defendant sent Cira Ross letters in which he "willfully and maliciously threatened" her. (FAC page 23, line 8). First, upon examination of the letters sent by Defendant to Ms. Ross there were no threats by Defendant to Ms. Ross (Exhibits A and B attached to the FAC, which were incorporated in the FAC). Second, Plaintiff failed to set forth any facts that demonstrate Defendant willfully and maliciously injured the Plaintiff. The FAC contained mere conclusory allegations that Defendant's conduct was willful and malicious, but the FAC does not set forth any factual basis for Plaintiff's claim. Accordingly, Plaintiff had failed to set forth any basis that Defendant acted willfully and maliciously, and Plaintiff failed to meet the pleading requirements to state a claim under §523(a)(6) for which relief can be granted. Judge Bufford was correct in his analysis.

3. <u>11 U.S.C. §727</u>

The FAC sought a denial of the Defendant's discharge under 11 U.S.C. §727(a)(5), (a)(3), and (a)(4) premised on the theories that Defendant: (1) failed to satisfactorily explain the loss or deficiency of assets to meet his liabilities; (2) failed to maintain and preserve adequate records; and such failure makes it impossible to ascertain the debtor's financial condition and material business transactions; and (3) made a false oath in connection with his bankruptcy. A complaint objecting to discharge under §727 is deficient if it merely recites statutory language without stating the underlying facts with particularity. *Yadidi v. Herzlich (In re Yadidi)*, 274 B.R. 843 (B.A.P. 9th Cir. 2002). In the Ninth Circuit a complaint that "parrots" the statutory language is insufficient to state a claim under FRCP 12(b)(6). *Kubick v. FDIC (In re Kubick)*, 171 B.R. 658,

1  (B.A.P. 9th Cir. 1994) (citing *In re Englander*, 92 Bankr. 425, 427 (B.A.P. 9th Cir. 1988); *In re Jenkin*, 83 Bankr. 733, 735 (B.A.P. 9th Cir. 1988); *In re Schwartzman*, 63 Bankr. 348, 355 (Bankr. S.D. Ohio 1986)). **Discharge provisions are liberally construed in favor of debtors and strictly against the person objecting to the discharge.** *Khalil v. Developers Surety and Indemnity Co.*, 379 B.R. 163 (B.A.P. 9th Cir. 2007), *see Beauchamp v. Hoose (In re Beauchamp)*, 236 B.R. 727, 730 (B.A.P. 9th Cir. 1999), *aff'd*, 5 Fed. App'x 743 (9th Cir. 2001) **(emphasis added)**.

### a. The Fourth Cause of Action under 11 U.S.C. §727(a)(5)

The FAC sought to deny the Debtor a discharge under 11 U.S.C. §727(a)(5). §727(a)(5) provides an exception to dischargeability if the Debtor fails to satisfactorily explain the loss or deficiency of assets to meet his liabilities. *DeMassa, APC v. MacIntyre (In re MacIntyre)*, 1996 U.S. App. LEXIS 6518, 14-15 (9th Cir. 1996). §727(a)(5) states in pertinent part "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities". *11 U.S.C. §727(a)(5)*.

The FAC alleged that *almost eight years ago*, Defendant disclosed he had approximately $5 million dollars in assets and a net monthly income of approximately $32,000.00 (FAC page 18, lines 11-17). The FAC also alleged *approximately eight years ago*, Defendant received approximately $1 million dollars pursuant to the probate settlement.(FAC page 18, lines 18-24). The FAC also states "…the Debtor engaged in a fraudulent divorce in Nevada for the purpose of disposing or concealing assets from creditors." (FAC page 19, lines 15-17).

The Debtor is only required to disclose disposition of assets in the bankruptcy papers, petition, schedules and Statement of Financial Affairs (collectively the "Bankruptcy Papers") for the two year period prior to filing the petition. Plaintiff's allegations in the FAC take place outside the two year period.[6] The Bankruptcy Petition and Schedules (and SOFA) do not require a Debtor to disclose disposition of assets from over eight years ago. The Debtor is under no duty to disclose the disposition of assets in its Bankruptcy Papers outside the two year period. The FAC

---
[6] Plaintiff's FAC alleges that Defendant's divorce proceeding took place on or around 2005, approximately four years ago before Defendant filed bankruptcy.

1  presupposes that Defendant was required explain the disposition of assets outside the two year
2  period. Further, as required by the Statement of Financial Affairs, Defendant did disclose the
3  foreclosure on his house, the name and address of the creditor, the date of the foreclosure and the
4  description and value of the property. Since no other obligation exists, Plaintiff's FAC failed to
5  state a claim for which relief can be granted. Therefore, Plaintiff failed to state a claim for which
6  relief can be granted under §727(a)(5), and Judge Bufford was correct in striking this cause of
7  action and refusing to permit a third amendment.

        b.   The Fifth Cause of Action under 11 U.S.C. §727(a)(3)

9  The FAC sought to deny the Debtor a discharge under 11 U.S.C. §727(a)(3). §727(a)(3)
10 provides an exemption to a discharge if: (1) the Debtor failed to maintain and preserve adequate
11 records; and (2) such failure makes it impossible to ascertain the debtor's financial condition and
12 material business transactions. *Lansdowne v. Cox (In re Cox)*, 41 F.3d 1294 (9th Cir. 1994)
13 (citing *Meridian Bank v. Alten*, 958 F.2d 1226 (3d Cir. 1992)).
14 Here, Plaintiff's FAC sets forth new allegations that do not relate back to the original
15 complaint. The FAC asserts that Defendant "engaged in various subterfuges in order to hide his
16 income". This allegation does not relate back to anything pled in the original complaint. The
17 original complaint did not contain any facts or allegations regarding Defendant's alleged efforts to
18 hide his income. Accordingly, any claim for relief based on this allegation that does not relate
19 back is time barred under FRBP §§ 4004 and 4007.
20 First, the FAC merely recites the statute and does not provide enough factual allegations to
21 support its claim. Second, Plaintiff fails to set forth facts how the Debtor's alleged failure to
22 maintain records has made it *impossible* to ascertain the Debtor's financial condition and material
23 business transactions [*emphasis added*].
24 Plaintiff failed to set forth all the necessary elements to establish a claim for relief under
25 §727(a)(3), and Judge Bufford was correct to dismiss the cause of action for failure to state a claim
26 for which relief can be granted under §727(a)(3).

        c.   The Seventh Cause of Action under 11 U.S.C. §727(a)(4)

The FAC sought to deny the Debtor a discharge under 11 U.S.C. Section 727(a)(4). Although Defendant could only speculate as to what subsection under §727(a)(4) the Plaintiff was seeking relief under, *as the FAC did not specify a subsection*, it appears Plaintiff was attempting to seek relief under §727(a)(4)(A). The FAC alleged "Debtor made a false oath in connection with his bankruptcy". (FAC page 22, lines 14-15). "Section 727(a)(4)(A) denies a discharge to a debtor who 'knowingly and fraudulently' makes a false oath or account in the course of the bankruptcy case." *Khalil v. Developers Surety and Indemnity Co.*, 379 B.R. 163 (B.A.P. 9th Cir. 2007).

To state a claim for relief under §727(a)(4)(A) Plaintiff must show that: "(1) Debtor made such a false statement or omission, (2) regarding a material fact, and (3) did so knowingly and fraudulently." *Id. See Searles v. Riley (In re Searles)*, 317 B.R. 368 (B.A.P. 9th Cir. 2004), *aff'd*, 212 *Fed. App'x* 589 (9th Cir. 2006). "A fact is material 'if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property.'" *Id.* (citing *Fogal Legware of Switz., Inc. v. Wills (In re Wills)*, 243 B.R. 58 (B.A.P. 9th Cir. 1999)). "A debtor 'acts knowingly if he or she acts deliberately and consciously.'" *Id.* (citing *Roberts v. Erhard (In re Roberts)*, 331 B.R. 876 (B.A.P. 9th Cir. 2005)).

> [A] debtor does not necessarily act with fraudulent intent even if he knowingly makes a false oath, and §727(a)(4)(A), by requiring both knowledge and intent to defraud, implicitly acknowledges that fact. It would certainly be anomalous to hold that a finding of reckless disregard on the part of the debtor for the accuracy of her schedules obviates the need to establish fraudulent intent, even though the Code permits no such "short cut" with respect to a debtor who signs schedules containing information which she knows to be false.

*Id.* (citing *United States v. Sumpter (In re Sumpter)*, 136 B.R. 690 (Bankr. E.D. Mich. 1991), *aff'd on other grounds*, 170 B.R. 908 (E.D. Mich. 1994), *aff'd in part, rev'd in part*, 64 F.3d 663 (6th Cir. 1995)).

The FAC stated Plaintiff is "informed and believes…that the Debtor has made a false oath, …including but not limited to transferring his home to his counsel of record in the State court Action in a highly suspect 'foreclosure' transaction." (FAC page 22, paragraph 81). Plaintiff

1 failed to identify any basis for said information and belief. Further, the Plaintiff failed to set forth
2 any facts that Defendant's alleged "false oath" was made with fraudulent intent as required under
3 §727(a)(4)(A). As the Plaintiff failed to set forth all the necessary elements to establish a claim
4 under §727(a)(4), Judge Bufford was correct to dismiss this cause of action.

### III.

### CONCLUSION

It bears repeating -- the Pretrial Conference on the remaining 3rd and partial 6th Cause of Actions should have been held this week. The Plaintiff waited until eight months after the ruling by Judge Bufford and filed his Rule 54 Motion before the new judge on the eve of trial, hoping for a better outcome. For all of the reasons set forth above, the Motion, and all of it, should be denied.

September 28, 2010                    CLARKSON, GORE & MARSELLA, APLC

By: _____
  Scott C. Clarkson
  Eve A. Marsella
  Counsels for the Defendant

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3424 Carson Street, Suite 350, Torrance, CA 90503

A true and correct copy of the foregoing document described as **_Defendant's Opposition to Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure Rule 54(b); or, Alternatively, Motion to Revise Interlocutory Order and Granting Leave to Amend Plaintiff's First Amended Complaint_** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 28, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**See attached service list**

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **September 28, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**See attached service list**

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 28, 2010 | Michelle A. Carpenter | _/s/ mac_ |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                    F 9013-3.1.PROOF.SERVICE

Service List

Section I

## TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

**Counsel for Plaintiff**
David A Tilem    davidtilem@tilemlaw.com,
malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com

**Counsel for Plaintiff**
Dennis G Bezanson    dennis.bezanson@bbklaw.com,
arthur.johnston@bbklaw.com;kenneth.burgess@bbklaw.com;bknotices@bbklaw.com;dennis.bezanson@bbklaw.com

**Counsel for Plaintiff**
Barry R Wegman    barrywegman@tilemlaw.com,
malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com

**Chapter 7 Trustee**
James L Brown (TR)    James.Brown@7trustee.net, CA53@ecfcbis.com

**U.S. Trustee**
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                F 9013-3.1.PROOF.SERVICE

Section II.

**SERVED BY U.S. MAIL**

**Counsel for Plaintiff**
Stephan A. Mills, Esq.
ZEMANEK & MILLS
11845 W. Olympic Blvd., Suite 625
Los Angeles, CA 90064-5020

**Counsel for Plaintiff**
Franklin C. Adams. Esq.
BEST BEST & KRIEGER LLP
3750 University Ave., Suite 400
P.O. Box 1028
Riverside, CA 92502

**SERVED OVERNIGHT VIA FEDEX**

**Judge**
Honorable Peter H. Carroll
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    F 9013-3.1.PROOF.SERVICE